JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Leo Mullen and Doris Kane-Mullen

### DEFENDANTS
Korkya Shipping, Ltd., Invictus Navigation, Ltd., Vantage Shipping Lines, SA and S.K. Shipping Co., Ltd.

(b) County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Scott A. Portner, Esq./Freedman & Lorry, P.C.
1601 Market Street, Suite 1500
Philadelphia, PA 19103  (215) 925-8400

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☒ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☒ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332
Brief description of cause:
Action of maritime worker against vessel owner.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ in excess of 150,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 09/26/2017
SIGNATURE OF ATTORNEY OF RECORD: *Scott A. Portner, Esquire*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**SCOTT A. PORTNER, ESQUIRE**
Identification No. 85314
FREEDMAN & LORRY, P.C.
1601 Market Street, Suite 1500
Philadelphia, PA  19103
(215) 925-8400                                    Attorney for Plaintiffs

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEO MULLEN and DORIS KANE-MULLEN<br>8 Teakwood Lane<br>Sicklerville, NJ  08081,<br>            Plaintiffs<br><br>VS.<br><br>KORKYA SHIPPING, LTD.<br>Staliste Frona Krisinica 4, 20260<br>Korcula, Croatia<br>      and<br>INVICTUS NAVIGATION, LTD.<br>c/o Vantage Shipping Lines, SA<br>2nd Floor, Stoa Centre<br>4-6 Solomou Street, 154-51<br>Athens, Greece<br>      and<br>VANTAGE SHIPPING LINES, SA<br>2nd Floor, Stoa Centre<br>4-6 Solomou Street, 154-51<br>Athens, Greece<br>      and<br>S.K. SHIPPING CO., LTD<br>S.K. Shipping Namsan Building, 18th Floor<br>267 Namdaemunro 5-GA Chung-Gu<br>Seoul, Korea 100-711,<br><br>            Defendants | **CIVIL ACTION**<br><br>NO. |

### COMPLAINT

### JURY TRIAL DEMANDED

1.      The Plaintiffs Leo Mullen and Doris Kane-Mullen are citizens and residents of the

State of New Jersey and at all times relevant hereto, have been husband and wife.

1

2. Defendant Korkya Shipping, Ltd. is a corporation organized and existing under the laws of Croatia with its principal place of business located at Staliste Frona Krisinica 4, 20260 Korcula, Croatia.

3. Defendant Invictus Navigation, Ltd. is a corporation organized and existing under the laws of Greece with its principal place of business located at c/o Vantage Shipping Lines, SA, 2nd Floor, Stoa Centre, 4-6, Solomou Street, 154-51 Athens, Greece.

4. Defendant Vantage Shipping Lines, SA is a corporation organized and existing under the laws of Greece with its principal place of business located at 2nd Floor, Stoa Centre, 4-6, Solomou Street, 154-51 Athens, Greece.

5. Defendant S.K. Shipping Co., Ltd. ("S.K. Shipping") is a business organization organized and existing under the laws of South Korea, with its primary place of business located at S.K. Shipping Namsan Building, 18th Floor, 267 Namdaemunro 5-GA Chung-Gu, Seoul, Korea 100-711.

6. The jurisdiction of this Court arises under the diversity jurisdiction of this Court, 28 U.S.C. §1332, there being diversity of citizenship among the parties and the amount in controversy being in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), exclusive of interest and costs.

7. Venue is appropriate in this Court since a substantial part of the events giving rise to the claim occurred in this Judicial District.

8. On or about September 29, 2014, and at all times material hereto, Defendants Korkya Shipping, Ltd. owned, operated, managed, possessed and controlled a certain general cargo vessel known as the M/V MONEYBALL.

9. On or about September 29, 2014, and at all times material hereto, Defendant Invictus Navigation, Ltd. owned, operated, managed, possessed and controlled a certain general cargo vessel known as the M/V MONEYBALL.

10. On or about September 29, 2014, and at all times material hereto, Defendant Vantage Shipping Lines, SA owned, operated, managed, possessed and controlled a certain general cargo vessel known as the M/V MONEYBALL.

11. On or about September 29, 2014, and at all times material hereto, Defendant S.K. Shipping Co., Ltd. chartered, operated, possessed and controlled a certain general cargo vessel known as the M/V MONEYBALL.

12. On or about September 29, 2014, the M/V MONEYBALL was in navigable waters of the United States and berthed at the Broadway Pier 1 in the Port of Camden, New Jersey.

13. On or about September 29, 2014 the Plaintiff Leo Mullen was employed by Delaware River Stevedores in the capacity of longshoreman and was assigned to work as a crane operator aboard the M/V MONEYBALL.

14. On or about September 29, 2014, at approximately 4:45 p.m., the Plaintiff Leo Mullen was in the course and scope of his employment as a longshoreman aboard the M/V MONEYBALL and was descending a ladder leading from the controls of the number 1 crane of the vessel to the main deck area when he was caused to slip and fall by virtue of the presence of a slippery substance on the steps, platforms and handholds of the access way leading from the controls of crane number 1 to the main deck area and sustain the injuries which are the subject of this action.

15. The injuries sustained by the Plaintiff, Leo Mullen on or about September 29, 2014, as set forth below, and the aforedescribed slippery condition, were caused by the carelessness and

negligence of Defendants acting through their agents, servants, workmen and employees, including, but not limited to, the breach by said Defendants of their "turnover", "intervention", and/or "active operations/active control" duties to the Plaintiff under Section 5(b) of the Longshore and Harbor Workers Compensation Act, 33 U.S.C. §905 (b).

16. By reason of the carelessness and negligence of Defendants as aforesaid, the Plaintiff Leo Mullen was caused to sustain multiple injuries, including, but not limited to, severe injuries to his cervical spine including left C4, 5, 6, 7 disc ruptures with associated left C5, 6, 7 radiculopathies; left shoulder chronic adhesive capsulitis, high grade partial rotator cuff tear and biceps tenosynovitis; he also sustained severe shock and injury to his nerves and nervous system; he has in the past required and may in the future continue to require medicines, medical care and attention; he has in the past been and may in the future be compelled to expend monies and incur obligations for such care and attention; he has in the past suffered and may in the future continue to suffer agonizing aches, pains and mental anguish; he has in the past been and may in the future continue to be disabled from performing his usual duties, occupations and avocations.

WHEREFORE, Plaintiff, Leo Mullen claims damages of the Defendants for a sum in excess of One Hundred and Fifty Thousand Dollars ($150,000.00) together with pre-judgment interest and costs, and brings this action to recover same.

**COUNT II – CLAIM OF PLAINTIFF DORIS KANE-MULLEN VS. ALL DEFENDANTS**

17. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 through 16 as if fully set forth herein.

18. By reason of the carelessness and negligence of the Defendants as aforesaid, and the resulting injuries suffered by the Plaintiff Leo Mullen, the Plaintiff Doris Kane-Mullen has

been and will in the future be deprived of the assistance, society, companionship, comfort and consortium of her husband, the Plaintiff, Leo Mullen to her detriment and loss.

WHEREFORE, Plaintiff Doris Kane-Mullen claims judgment against the Defendants on this Count II for a sum in excess of One Hundred and Fifty Thousand Dollars ($150,000.00) in damages, together with pre-judgment interest and costs, and brings this action to recover same.

**FREEDMAN & LORRY, P.C.**

BY: _Scott A. Portner_
SCOTT A. PORTNER, ESQUIRE
Attorney for Plaintiffs

Dated: 9/26/17